UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Zachary C. Anderson and
Faith M. Anderson, Bankruptcy No. 25-30426

Debtors. Chapter 7

---

Agrifund, LLC,

Plaintiff, Adversary No. 26-07010

vs.

Zachary C. Anderson,

Defendant.

**ANSWER**

Defendant Zachary C. Anderson ("Anderson"), as and for his answer to Plaintiff's Adversary Complaint to Determine Dischargeability of Debt, states and alleges as follows:

1. Anderson denies each and every allegation and averment contained in Plaintiff's Complaint unless otherwise admitted herein.

2. Anderson admits Paragraphs 1-6 of Plaintiff's Complaint.

3. As to Paragraph 7, Anderson admits that he signed promissory notes in favor of Plaintiff in 2022 and 2023, and upon information and belief, believes the documents attached to Plaintiff's Complaint are accurate copies. Anderson denies the allegation that he is obligated to Plaintiff under those notes.

4. As to Paragraphs 8 and 9, Anderson admits that he signed security agreements in favor of Plaintiff, and upon information and belief, believes the documents attached to Plaintiff's Complaint are accurate copies. Anderson affirmatively asserts that

the documents speak for themselves, and therefore denies any characterizations or incorrect quotations of Plaintiff.

5. As to Paragraph 10, upon information and belief, Anderson believes that Exhibit E is a true and correct copy of the filing. As to the legal effect of such filing, and Plaintiff's status as a perfected creditor, Anderson is without sufficient information or knowledge to admit or deny the same and therefore puts Plaintiff to its strict proof thereof.

6. Anderson admits Paragraph 11 of Plaintiff's Complaint.

7. As to Paragraph 12, Anderson admits he has testified under oath but affirmatively asserts that his testimony has been transcribed, that such transcription is not attached to Plaintiff's Complaint, and therefore Anderson denies the characterization of his testimony by Plaintiff and puts Plaintiff to its strict proof thereof.

8. As to Paragraph 13, Anderson, upon information and belief, admits that Robert Anderson pled guilty to some federal charges and that Exhibit G is a copy of that criminal judgment. Anderson is without sufficient information or knowledge as to what the terms of Robert Anderson's judgment were, and therefore denies the remaining allegations of Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

9. Anderson denies Paragraph 14 of Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

10. As to Paragraph 15, Anderson admits he had crops, does not know what is meant by "Anderson family farm" nor does he agree with the numbers listed by Plaintiff as the numbers he provided were only estimates as he did not have any documentation to base any of the numbers off of, so denies the same and puts Plaintiff to its strict proof thereof.

11. As to Paragraph 16, Anderson's bankruptcy schedules speak for themselves. As to Plaintiff's characterization of Anderson's conduct, Anderson denies the same and puts Plaintiff to its strict proof thereof.

12. Upon information and belief, Anderson admits Paragraph 17 of Plaintiff's Complaint.

13. Anderson denies the allegations contained in Paragraphs 18 and 19 of Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

14. No responsive pleading is required to Paragraph 20. In the event a responsive pleading is deemed necessary, Anderson denies the same and puts Plaintiff to its strict proof thereof. Anderson affirmatively assets that an accounting is not an available remedy for Plaintiff's causes of action in this Court.

## AFFIRMATIVE DEFENSES

15. Plaintiff's Complaint fails to state a sufficient claim for relief against Anderson and should be dismissed.

16. Plaintiff's Complaint fails to sufficiently identify facts supporting a claim for actual fraud or fraudulent conduct as required by the Bankruptcy Rules and must be dismissed.

17. Plaintiff's claims are barred in full based upon the conduct of its own employees.

18. Plaintiff's claims are barred as a matter of law by the doctrine of illegality.

19. Anderson affirmatively reserves his right to assert additional affirmative defenses pending his right to conduct discovery in this matter.

WHEREFORE, Defendant Zachary C. Anderson prays for the following:

1. Plaintiff take nothing from its purported causes of action.

2. For Defendant's costs and disbursements as allowed by law.

3. For such other and further relief as the Court deems fair, just, and equitable.

Dated this 10th day of August, 2026.

*<u>/s/ Michael L. Gust</u>*__________________
Michael L. Gust (ND #06468)
ABST Law
4132 30th Avenue South, Suite 100
P.O. Box 10247
Fargo, North Dakota 58106-0247
(701) 235-3300
*mgust@abstlaw.net*
Attorneys for Defendant